# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                               )
     v.                      )        ID No.       2101006177
                               )
CHRISTINE PATTERSON,      )
                               )
   Defendant.            )

## **ORDER**

1. On this 9th day of January, 2024, upon consideration of Defendant Christine Patterson's ("Defendant") *pro se* Consolidated Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

2. On June 23, 2021, Defendant pled guilty to Drug Dealing - Tier 2 (Class C Violent Felony).[2]  On July 1, 2021, the Court sentenced her to fifteen years of Level V supervision, suspended for eighteen months of Level II supervision.[3]

3. On March 10, 2022, the Delaware Department of Correction ("DOC") stated that Defendant had violated probation by failing to report to her probation officer and participate in required monitoring and evaluations.  On April 6, 2022, the

---

[1] D.I.s 57, 60.  Defendant does not specifically cite to Rule 35(b) in the Motion, but she asks this Court to modify the conditions of her probation.
[2] D.I. 12.
[3] D.I. 14.

Court sentenced her to fourteen years, eleven months, and ten days of Level V supervision, suspended for eighteen months of Level III supervision.[4]

4. On November 23, 2022, the DOC stated that Defendant had violated probation by failing to report to her probation officer, failing to participate in required monitoring and evaluations, and testing positive for tetrahydrocannabinol ("THC") and cocaine four times between April 18, 2022, and October 27, 2022. On December 7, 2022, the Court sentenced her to fourteen years, eleven months, and three days of Level V supervision, suspended for one year of Level III supervision.[5]

5. On March 16, 2023, the DOC stated that Defendant had violated probation by testing positive for THC and/or cocaine eight times between December 14, 2022, and March 8, 2023.[6] On July 25, 2023, the Court sentenced her to fourteen years, ten months, and twenty-six days of Level V supervision, suspended for two months of Level III intensive outpatient treatment.[7]

6. On August 16, 2023, the DOC stated that Defendant had violated probation by failing to report to her probation officer, participate in required monitoring and evaluations, and comply with curfew.[8] On September 6, 2023, the Court sentenced her to fourteen years and ten months of Level V supervision, suspended for

---

[4] D.I. 30.
[5] D.I. 36.
[6] D.I. 38.
[7] D.I. 51.
[8] D.I. 52.

successful completion of Level IV inpatient drug treatment, followed by one year of Level III intensive outpatient treatment.[9]

7. On October 17, 2023, Defendant filed a first motion for sentence modification, in which she asks this Court to modify the Level IV portion of her sentence to home confinement, rather than inpatient drug treatment. In support, Defendant states that her aunt can host her for home confinement and that she needs to live with her aunt to help care for Defendant's children.[10]

8. On December 5, 2023, Defendant filed a second motion for sentence modification, in which she asks this Court to modify the Level IV portion of her sentence to home confinement or treatment at the Banyan Treatment Center in Milford, Delaware. In support, Defendant repeats the statements she made in the first motion and adds that sexual misconduct by a staff member at the inpatient treatment facility has led to a stressful, ongoing Prison Rape Elimination Act investigation.[11]

9. Rule 35(b) authorizes this Court to "reduce the . . . conditions of partial confinement or probation, at any time." A motion to modify the terms of partial

---

[9] D.I. 56.

[10] D.I. 57. In an attached letter, Defendant states that she failed to comply with the terms of her probation because she was overwhelmed and that she is now making efforts to rehabilitate. *Id.* On November 16, 2023, this Court received another letter from Defendant, in which she repeats her request to modify the Level IV portion of her sentence. D.I. 59.

[11] D.I. 60. In an attached letter, Defendant states that she is making efforts to overcome the circumstances that led to her criminal conviction. *Id.*

confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[12]

10.  Given Defendant's history of illegal drug use, inpatient drug treatment is an appropriate condition on the Level IV supervision portion of her sentence. Defendant's sentence is appropriate for all the reasons stated at the time of sentencing.  No information has been provided to the Court that would warrant a modification of the sentence.  Hence, Defendant's Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary

cc:    Christine Patterson (SBI #00696056)

---

[12] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Baily*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).